IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH BERNARD FOWLER, PRO SE, | § | |
| TDCJ-CID No. 1812422, | § | |
| Previous TDCJ-CID No. 623887, | § | |
| Previous TDCJ-CID No. 909414, | § | |
| Previous TDCJ-CID No. 954506, | § | |
| Previous TDCJ-CID No. 961436, | § | |
| Previous TDCJ-CID No. 997657, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:15-CV-0290 |
| | § | |
| Mr. NFN WHITFIELD, | § | |
| OLIVER BELL, Chairman of Texas Board | § | |
| of Corrections, | § | |
| JAMIE BAKER, Warden, | § | |
| JOE MILBERN, Asst. Warden, | § | |
| ANTHONY MARTINEZ, Captain, | § | |
| ALFREDA CARREON, Captain, | § | |
| SANDRA TYRA, Grievance Investigator II, and | § | |
| B. PARKER, Regional Director/Assistant, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff JOSEPH BERNARD FOWLER, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

By his November 16, 2015 Amended Complaint, plaintiff alleges that, on April 5, 2015, he was wrongly accused of the theft of 66 chicken patties from the Neal Unit kitchen. Plaintiff says other inmates admitted to the theft of the chicken patties, but that he was convicted of the disciplinary infraction and defendants kitchen Captain MARTINEZ, Disciplinary Hearing Officer

CARREON, Warden BAKER, Asst. Warden MILBERN, and Regional Director/Assistant B. PARKER agreed, in violation of plaintiff's First, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff has submitted exhibits showing an inmate Montgomery was also convicted of the theft. Plaintiff complains that defendant WHITFIELD "working in concert with the above co-workers" refused to issue plaintiff certified stickers and postage for certified mail, and a 6-month history of plaintiff's commissary account which he needed to file this section 1983 lawsuit.

Plaintiff requests the return of 15 days of accumulated good-time credits, restoration of his S3 status, a "letter to the Parole Board for accommodation [sic]" and an award of monetary damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Magistrate Judge has reviewed plaintiff's complaint and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff's complaint against defendant WHITFIELD is that, "working in concert with the above co-workers" WHITFIELD refused to issue plaintiff the certified stickers and postage for certified mail, and a 6-month history of plaintiff's commissary account which he needed to file this section 1983 lawsuit.

Implicit in this claim is one of conspiracy among the defendants. In the context of actions arising under Title 42, United States Code, section 1983, a plaintiff is required to state specific facts rather than conclusory allegations in his complaint. *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985), *as amended*. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff has failed to allege material facts to establish a conspiracy of any sort between any or all of the defendants.

As to plaintiff's claim against defendant WHITFIELD alone, plaintiff's claim appears to be a First Amendment claim of interference with his access to the courts. An inmate asserting an access to courts claim must show he has suffered an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). Actual injury" is "actual prejudice with respect to contemplated or

existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis,* 518 U.S. at 348. Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis,* 518 U.S. at 349.

Plaintiff does not allege how any act or omission by defendant WHITFIELD has caused him actual prejudice with respect to his section 1983 lawsuit. Review of the docket in this cause reveals plaintiff was able to file his original complaint and two amended complaints, as well as the necessary application to proceed in forma pauperis with supporting financial disclosure, and does not appear to have suffered any prejudice with respect to the conduct of this case. Plaintiff has failed to state a claim against defendant WHITFIELD on which relief can be granted.

Defendant MARTINEZ was the charging officer and defendant CARREON was the disciplinary hearing officer, and the Court understands these acts to constitute their "agreement" to plaintiff's disciplinary case and consequent loss of 15 days of accumulated good-time credits.

The Supreme Court has held that a section 1983 claim which attacks the constitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits was not cognizable under section 1983. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

In the instant case, plaintiff requests, in part, the return of 15 days of good-time credits. A claim for good-time credits is foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and plaintiff must seek such relief through habeas. *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973). Further, to grant any of the other relief requested, the Court would first have to find the disciplinary charge and the determination of guilt to have been invalid. Because the *Heck* doctrine is now applied to the prison disciplinary setting, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995)(citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)). Plaintiff's claims against defendants MARTINEZ and CARREON lack an arguable basis in law and are frivolous until the *Heck* conditions have been met.

Defendant BAKER signed the official response to plaintiff's Step 1 grievance no. 2015131342 and failed to respond to a letter of complaint from plaintiff. Defendant PARKER signed the Step 2 grievance no. 2015131342 by which plaintiff challenged the guilty determination of his disciplinary case. Plaintiff's claim against these defendants appears to be that they did not adequately investigate or satisfactorily resolve his grievances and/or complaints. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does

not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendants BAKER and PARKER lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Defendant TYRA responded to plaintiff's I-60 inquiries concerning the time it was taking to process his grievances, telling plaintiff that one was still being investigated and responding to plaintiff's criticism of her by informing him she did not make the step 2 responses to his grievances, she only forwarded them to the appropriate personnel. Plaintiff claims she was "derelict of duty, due process, intentional inflection of emotion distress." Plaintiff has not alleged any factual basis for a due process claim against defendant TYRA. As to his claim that she was derelict in the performance of her duties, at most, this amounts to a claim of negligence, if even that. However, section 1983 is not a general tort statute, and mere negligence does not meet the standard for liability under section 1983. *Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986).

The only thing plaintiff alleges concerning defendant MILBERN is that he saw defendant MILBERN give defendant MARTINEZ a CD some time after the incident. Plaintiff speculates that the CD contained "evidence" from the computer hard drive that could have exonerated plaintiff and that MARTINEZ destroyed it. Plaintiff alleges no fact of any sort to support a claim of constitutional dimension against defendant MILBERN. Plaintiff's speculation is not sufficient to state a claim on which relief can be granted against anyone.

Lastly, as to defendant BELL, Chairman of TDCJ, plaintiff alleges he failed to "properly train, inform, keep up to date," and violated plaintiff's due process rights. Plaintiff provides no factual allegations to support his vague, incomplete claims against defendant BELL and does not establish how any failure to train, etc. caused the alleged constitutional violations of which he complains. There is no indication defendant BELL was in any way personally involved in the events forming the basis of plaintiff's complaint. It appears plaintiff's claim against this defendant is based primarily upon BELL's supervisory position; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by defendant BELL and has alleged no fact showing any causal connection between his acts and the alleged constitutional violation. Consequently, plaintiff's allegations against defendant BELL fail to state a claim on which relief can be granted.

## CONCLUSION

Plaintiff has had three opportunities to formulate his complaint and communicate it to the Court. By the November 3, 2015 Notice of Deficiency order, plaintiff was expressly instructed to "clearly identify each defendant he is suing and the acts by that defendant which make him or her liable." If the court determines that the complaint at hand alleges the plaintiff's best case, there is no need to remand for a further factual statement from plaintiff. *Jacquez v. Procunier*, 801 F.2d


789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). It appears plaintiff has received sufficient opportunity to inform the Court of the factual allegations against each defendant and his Second Amended Complaint alleges his best case.

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JOSEPH BERNARD FOWLER be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of December, 2015.

*/s/ Clinton E. Averitte*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).